UNITED STATES DEPARTMENT OF JUSTICE
OFFICE OF THE UNITED STATES TRUSTEE
ANDREW R. VARA
UNITED STATES TRUSTEE, REGIONS 3 & 9
David Gerardi, Esq.
One Newark Center, Suite 2100
Newark, NJ 07102
Telephone: (973) 645-3014
Email: David.Gerardi@usdoj.gov

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: | Chapter 11 : Case No. 26-17417 (SLM) : |
| 43 Laurel Avenue, LLC, | : Hearing Date: : |
| Debtor. | : The Honorable Stacey L. Meisel : |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION BY THE UNITED STATES TRUSTEE UNDER 11 U.S.C. §1112(b) FOR AN ORDER CONVERTING CASE TO CHAPTER 7, OR, IN THE ALTERNATIVE, DISMISSING CASE**

Andrew R. Vara, the United States Trustee for Regions 3 and 9 (the "U.S. Trustee"), by and through counsel, in furtherance of his duties and responsibilities, hereby files this Memorandum of Law in Support of an Order Converting the Case to a Case Under Chapter 7, or Alternatively, Dismissing the Case ("Motion"), whichever the Court finds to be in the best interests of creditors and the bankruptcy estate, on the grounds that the Debtor has failed to provide insurance.

**FACTS**

The facts recited below are supported by the Certification of James J. Stives, Bankruptcy Auditor, in Support of the Motion of the U.S. Trustee for an Order Dismissing Case or, in the alternative, Converting Case to Chapter 7 filed herewith.

**A.      The Bankruptcy Case**

1.      On June 28, 2026, ("the Petition Date"), 43 Laurel Avenue, LLC, ("the Debtor") filed a voluntary petition for relief under Chapter 11 of title 11, United States Code.  *See* Certification of James Stives (the "Stives Cert."), at ¶ 1.

2.      The Debtor is represented by Douglas G. Mitchell, Esq.  *Id*. at ¶ 2.

3.      Since the Petition Date, the Debtor has remained in possession of its property and management of its affairs. *Id*. at ¶ 3.

4.      The Debtor's 341(a) Meeting of Creditors was conducted by our office on August 5, 2026. *Id*. at ¶ 4

**B.      Insurance**

5.      On July 21, 2026, the Office of the United States Trustee requested proof of insurance by July 23, 2026. *Id*. at ¶5.

6.      To date, the OUST has not been provided with proof of updated insurance. *Id*. at ¶6.

### **DISCUSSION**

**A.      Cause Exists to Convert or Dismiss this Case.**

10.      11 U.S.C. § 1112(b)(1) provides, in pertinent part:

> [O]n request of a party in interest, and after notice and a hearing, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause unless the court determines that the appointment under section 1104(a) of a trustee or an examiner is in the best interests of creditors and the estate.

11.      "Cause" is defined in 11 U.S.C. § 1112(b)(4) as including, among other things–

> (C) failure to maintain appropriate insurance that poses a risk to the estate or to the public; [and]

11  U.S.C. § 1112(b)(4).

12. It is well settled that the list of factors constituting "cause" are not exhaustive. The legislative history for the statute provides in part, "[t]he court will be able to consider other factors, and to use its equitable powers to reach an appropriate result in individual cases." H. Rep. 595, 95th Cong., 1st Sess. 406 (1977). *See In re Pittsfield Weaving Company*, 393 B.R. 271, 274 (Bankr. D.N.H. 2008) (Section 1112(b)(4) provides a non-exhaustive list of "causes" for conversion or dismissal).

**B.      Cause Exists to Convert or Dismiss This Case for Lack of Adequate Insurance**

13. According to 11 U.S.C. §1112(b)(4)(C), a chapter 11 case should be dismissed or converted if the debtor's "failure to maintain appropriate insurance…poses a risk to the estate or to the public." When a debtor owns real property with structures, section 1112(b)(4)(C) requires that the debtor maintain property and liability insurance to protect the estate. *In re Van Eck*, 425 B.R. 54 (Bankr. D. Conn. 2010), citing *Gilroy v. Ameriquest Mortgage Co., et.al.* (*In re Gilroy*), No. NH 07-054, 2008 WL 4531982 (Bankr. 1st Cir. August 4, 2008).

14. Debtors, as fiduciaries of the estate, are required under the Bankruptcy Code and the United States Guidelines to maintain appropriate insurance coverage. Here, the Debtor has failed to provide proof of adequate insurance on estate property after repeated requests of the United States Trustee. Accordingly, failure to provide adequate insurance coverage is "cause" for dismissal or conversion of this case.

**C.      Conversion or Dismissal**

15. Once cause is established, the Court must determine if conversion or dismissal is in the best interests of creditors and the estate.

16. The U.S. Trustee submits that conversion would be in the best interest of creditors and the estate to allow a trustee to determine if the Debtor owns property with value beneficial to unsecured creditors.

**<u>CONCLUSION</u>**

WHEREFORE, for the foregoing reasons, the U.S. Trustee respectfully requests that this Court enter an order either converting the case to chapter 7 or dismissing the case, whichever the Court finds to be in the best interests of creditors and the bankruptcy estate, and that this Court grant such other and further relief as is deemed just and equitable.

Respectfully submitted,

ANDREW R. VARA
UNITED STATES TRUSTEE
REGIONS 3 & 9

By: */s/ David Gerardi*
David Gerardi
Trial Attorney

DATED: July 29, 2026

4