UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
**Caption in compliance with D.N.J. LBR 9004-2(c)**

**Borg & Bryks LLP**
Bryan C. Bryks, Esq.
622 Third Avenue, Suite 600
New York, New York
(212) 716-9704
bcb@borgbryks.com

**The Kantrow Law Group, PLLC**
Fred S. Kantrow, Esq.
732 Smithtown Bypass, Suite 101
Smithtown, New York 11787
(516) 703-3672
fkantrow@thekantrowlawgroup.com

*Counsel to NY Tower Capital, LLC*

In re:

43 LAUREL AVENUE, LLC

---

Chapter 11

Case No.: 26-17417-SLM

---

## CREDITOR'S REPLY TO DEBTOR'S OPPOSITION TO MOTION TO DISMISS

TO:   HON. STACEY L. MEISEL
      UNITED STATES BANKRUPTCY JUDGE

NY Tower Capital, LLC, a secured creditor ("NY Tower") in this chapter 11 bankruptcy case, by and through its attorneys, Borg & Bryks LLP and The Kantrow Law Group, PLLC, respectfully submits this as and for its reply (the "Reply") to the Debtor's Opposition to NY Tower's Motion to Dismiss the chapter 11 case, and states as follows:

1.      Since filing for relief from its creditors on June 28, 2026 (the "Petition Date"), the Debtor has done practically nothing. The Debtor's schedules are incomplete, at best, if not intentionally misleading. The Debtor has failed to make a single motion before this Court, including, but not limited to, seeking the entry of an Order authorizing it to retain counsel; moving for the entry of an Order establishing a bar date; seeking the use of cash collateral; making adequate

protection payments – assuming *arguendo* that it could do so, or anything else.  Other than staying the continuation of a foreclosure action, the Debtor has failed to accomplish anything.

2.  At the hearing before the Court on August 4, 2026, the Debtor did admit on the record that it should be treated as a single asset real estate debtor ("SARE"), however, it was readily apparent that Debtor's non-retained counsel, may not have understood fully what that meant.  The Court reminded Debtor's non-retained counsel of the obligations that the Bankruptcy Code imposes upon SARE debtors.

3.  NY Tower's motion to dismiss the bankruptcy case was filed with this Court on or about June 30, 2026, more than one month prior to the August 4, 2026, hearing.  Despite the fact that it was pending for that time, the Debtor interposed its "Opposition" on August 4, 2026, at 9:10 a.m.  The Opposition, which is a one-page document with six (6) short sentences, abjectly fails to address the motion to dismiss or *any* of the case law supporting dismissal based upon a filing made in bad faith.  The Opposition fails to address the fact that the case is nothing more than a two-party dispute – a case that is a classic representation of a bad faith filing.  The Opposition fails to explain the Debtor's exit strategy – instead stating the "Debtor's filing is in good faith and it wishes to reorganize and remain viable."  The Debtor fails to address the fact that the mortgage secured by an interest in the Debtor's real property has *matured* by its own terms and thus cannot be reinstated.

4.  The Opposition states that the Debtor's principal's prior bankruptcy filings are immaterial *despite* the fact that the real property at issue here was the real property at issue in the prior bankruptcy filings by the principal.  It also fails to address the fact that Judge Sherwood's Order confirming the prior chapter 13 plan demanded the sale of the subject real property – which never happened.

5.      The Debtor clearly lacks the sophistication required to navigate the intricacies of a SARE chapter 11 bankruptcy case.  That is evident by the Debtor's failure to file accurate chapter 11 schedules.  To date, the Court, the United States Trustee and creditors have not been provided with the basic information necessary in order to understand the chapter 11 case.  It is likely that this case will simply remain before this Court with little hope of reorganization.  Rather, it will be "parked" in this Court until its time simply runs out.  The Debtor's one-page Opposition notwithstanding, the Court should dismiss this case or in the alternative convert the case to one under chapter 7 of the Bankruptcy Code, whichever relief this Court determines is in the best interests of the creditors of the estate.

WHEREFORE, NY Tower Capital, LLC, respectfully requests that this Honorable Court find that: the case should be dismissed as filed in bad faith with a bar to refiling for at least a period of one (1) year, or the case be converted to chapter 7 of the Bankruptcy if the Court determines that to be in the best interest of the creditors.

Dated: New York, New York
       August 4, 2026

Borg & Bryks, LLP
Attorneys for NY Tower Capital, LLC

BY:    S/Bryan C. Bryks
       Bryan C. Bryks
       622 Third Avenue, Suite 600
       New York, New York
       (212) 716-9704
       bcb@borgbryks.com

              -and-

The Kantrow Law Group, PLLC
Attorneys for NY Tower Capital, LLC

BY:    S/Fred S. Kantrow
       Fred S. Kantrow, *pro hac vice*

732 Smithtown Bypass, Suite 101
Smithtown, New York 11787
(516) 703-3672
fkantrow@thekantrowlawgroup.com